664 F.2d 21
 Marie J. deMOUY a/k/a Channix deMouy,
v.
Mable Dale INGVOLDSTAD, Appellant,
v.
WALLACE SAINT CROIX, INC., Kings Wharf Island Enterprises,
Inc., and The Chase Manhattan Bank, N.A., Appellees.
 No. 80-2081.
 United States Court of Appeals,
Third Circuit.
 Argued April 30, 1981.
Decided Oct. 27, 1981.
Rehearing and Rehearing In Banc Denied Dec. 7, 1981.
 
 Mark L. Milligan, Christiansted, St. Croix, V. Is. (argued), Michael R. Remy, Remy & Associates, Sacramento, Ca., for appellant Mable Dale Ingvoldstad.
 John F. James (argued), James & Resnick, Christiansted, St. Croix, V. Is., for appellee Chase Manhattan Bank.
 Jean-Robert Alfred, Christiansted, St. Croix, V. Is. (argued), for appellee Kings Wharf Island Enterprises, Inc.
 Before ADAMS, WEIS and GARTH, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Judgment in this complex real estate case was entered by the District Court of the Virgin Islands on September 7, 1979. The court's order included a provision that "Ingvoldstad shall recover from Chase Manhattan Bank, N.A. her allowable costs, and Chase Manhattan Bank, N.A., in addition, shall indemnify Ingvoldstad in a reasonable amount for her attorney's fees." A statute in the Virgin Islands permits the award of counsel fees in civil cases. 5 V.I.C. § 541(b) (Equity 1967).
 
 
 2
 After her motions for a new trial or reconsideration of the court's opinion were denied, Ingvoldstad filed this appeal on June 10, 1980. Ingvoldstad did not file a motion for counsel fees in the district court until March 11, 1981. When the appeal was filed, therefore, the amount of attorney's fees had not been fixed by the district court.
 
 
 3
 This court has recently decided that when the district court awards counsel fees to a prevailing party, an appeal may not be taken until the amount of the fees has been determined and entered of record. Croker v. The Boeing Co. (Vertol Division), 662 F.2d 975 (3d Cir. 1981) (in banc). Until that task is completed, the decision of the district court is not final and, therefore, cannot vest this court with appellate jurisdiction in the absence of a proper certification pursuant to Fed.R.Civ.P. 54(b). See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3d Cir. 1975). In this case, however, no 54(b) certification was sought.
 
 
 4
 It must be noted that at the time this appeal was taken, some opinions of this court had held that district court judgments on the merits are appealable even before counsel fees have been fixed. De Long Corp. v. Raymond International, Inc., 622 F.2d 1135, 1138-39 n.3 (3d Cir. 1980); Baughman v. Cooper-Jarrett, Inc., 530 F.2d 529, 531 n.2 (3d Cir.), cert. denied, 429 U.S. 825, 97 S.Ct. 78, 50 L.Ed.2d 87 (1976). To the contrary, however, were the decisions in Paeco, Inc. v. Applied Moldings, Inc., 562 F.2d 870, 879 (3d Cir. 1977), and Richerson v. Jones, 551 F.2d 918, 922 (3d Cir. 1977). Since that time, a panel of this court held in O. Hommel Company v. Ferro Corporation, 659 F.2d 340, 354 (1981). "To the extent that it (De Long Corp. v. Raymond International, Inc.) is inconsistent with Richerson, De Long must be deemed without effect." The Hommel court reasoned that because a prior panel precedent cannot be overruled by a subsequent panel, De Long, which was decided after Richerson, could not overrule the Richerson holding: that a judgment is not final until attorneys' fees have been determined. The in banc decision in Croker has definitively resolved this question, overruling both De Long and Baughman to the extent that they held otherwise. Croker, supra, slip op. at 11.
 
 
 5
 Croker v. The Boeing Co. binds this panel and establishes that the order here is not appealable. Despite the existence of previous authority on which counsel may have relied in taking this appeal, we may not reach the merits, because we lack jurisdiction to consider the case further. As the Supreme Court said in Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981).
 
 
 6
 "If the appellate court finds that the order from which a party seeks to appeal does not fall within the statute, its inquiry is over. A court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only."
 
 
 7
 449 U.S. at 379, 101 S.Ct. at 676.
 
 
 8
 Accordingly, the appeal is premature and will be dismissed.
 
 
 9
 ADAMS, Circuit Judge, concurring.
 
 
 10
 I concur in the judgment of the Court because I believe that we are bound by Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), to apply the recent ruling in Croker to this case. I write separately, however, to express my concern about this troubling result.
 
 
 11
 As the per curiam opinion notes, when the appeal here was filed there were two conflicting opinions outstanding in our circuit that addressed the issue at hand. In Richerson v. Jones, 551 F.2d 918, 922 (3d Cir. 1977), the Court had indicated that an order does not become final, and therefore appealable, until it disposes of the prevailing party's prayer for an attorney's fee. In a more recent decision, De Long Corp. v. Raymond International, Inc., 622 F.2d 1135, 1138-39 n.3 (3d Cir. 1980), however, we made it clear that "(w)hen a district court has determined that a party is entitled to an award of attorneys fees but has not yet calculated the amount of the award, the court's order disposing of the merits of the case is, nevertheless, final and appealable." In the present case, as in De Long, the trial judge had ruled that the plaintiff was entitled to an award of attorney's fees, but had not yet calculated the amount of the award.
 
 
 12
 In light of De Long, it is understandable that the appellant in this matter filed his appeal before the counsel fee was quantified. Indeed, counsel for Ingvoldstad would have been imprudent not to have taken the appeal, since he otherwise would have run the risk of foregoing altogether his right to appeal. Nonetheless, because in Croker we declined to accept the De Long approach[1] and held that the judgment of the district court cannot be appealed until the counsel fee is quantified, even though the trial judge has clearly ordered a counsel fee for the prevailing party, we have no discretion, under Firestone, to hear the merits of Ingvoldstad's appeal at this time. Presumably, this causes the appellant no irreparable harm; he can return to our court after the attorney's fee has been quantified.[2] But the result is unfortunate. For this Court to strike appeals that were filed six months before Croker was handed down would appear to be inconsistent with concepts of economy and efficient judicial administration; in addition it appears both arbitrary and unfair to the litigants. This is particularly highlighted in the case at hand. The complaint in this matter was first filed as long ago as 1971, and a panel of our Court has already reviewed the briefs and has heard oral argument on the merits. In accordance with our ruling today, the matter now will be returned to the district court, counsel fees will be ascertained, and a whole new appellate process will then take place.
 
 
 13
 Judicial tidiness has considerable virtues, but when applied inexorably it loses much of its attractiveness.
 
 
 
 [1]
 The approach employed in De Long had been adopted in Baughman v. Cooper-Jarrett, Inc., 530 F.2d 529, 531 n.2 (3d Cir.), cert. denied, 429 U.S. 825, 97 S.Ct. 78, 50 L.Ed.2d 87 (1976). See also Memphis Sheraton Corp. v. Kirkley, 614 F.2d 131, 133 (6th Cir. 1980); Hidell v. International Diversified Investments, 520 F.2d 529, 532 n.4 (7th Cir. 1975)
 
 
 [2]
 A different conclusion may be warranted-even under Firestone, which does not address the issue-in a case in which a party that relied upon one jurisdictional ruling is, under a subsequent ruling, foreclosed entirely from appearing in the appellate court. In such a situation, it would be inequitable for an appellate court to decline to hear the appeal