665 F.2d 466
 26 Wage & Hour Cas. (BN 1302, 92 Lab.Cas. P 13,145
 CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND
VICINITY By Robert Gray, Trustee Ad Litem & Carpenters
Pension Fund of Philadelphia and Vicinity By Robert Gray,
Trustee Ad Litem & Carpenters Joint Apprentice Committee By
Robert Gray, Trustee Ad Litem & Industry Advancement Program
By Joseph Washkill, Trustee Ad Litem & Metropolitan District
Council of Philadelphia and Vicinity United Brotherhood of
Carpenters and Joiners of America, Appellees,
v.
KENNETH R. AMBROSE, INC., & Kenneth R. Ambrose & Linda
Ambrose, Appellants.
 No. 80-2243.
 United States Court of Appeals,
Third Circuit.
 Argued May 19, 1981.
Decided Nov. 25, 1981.
As amended Dec. 7, 1981.
 
 Anthony B. Quinn, (argued), Baratta & Takiff, Philadelphia, Pa., for appellants.
 Thomas W. Jennings, Jeffrey S. Orchinik (argued), Sagot & Jennings, Philadelphia, Pa., for appellees.
 Before ADAMS, ROSENN and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 1
 In a Memorandum and Order of June 11, 1980, the district court found Kenneth and Linda Ambrose individually liable and the corporation, Kenneth R. Ambrose, Inc., liable to the Carpenters Health and Welfare Fund of Philadelphia and Vicinity[1] (hereinafter the "Fund") for delinquent fringe benefit contributions due under the applicable collective bargaining agreement. Jurisdiction was invoked under § 301 of the Labor Management Relations Act of 1947 (LMRA)[2] and the district court assumed pendent jurisdiction to consider liability under Pennsylvania's Wage Payment and Collection Law.[3] Although the district court noted that due to the close relationship of the Ambroses' to the corporation they would "most likely" be considered employers for § 301 purposes, it is clear that the district court's grounds for imposing liability, including a 25% liquidated damage award, was the Pennsylvania statute.
 
 
 2
 On appeal, the appellants have argued strenuously that the Pennsylvania statute is preempted. We cannot, however, reach the merits of this case because the order appealed from is not final under our recent en banc opinion in Croker v. The Boeing Co. (Vertol Division), 662 F.2d 975 (3d Cir. 1981). Therefore, the appeal must be dismissed.
 
 I.
 Facts
 
 3
 The facts in this case are not contested and were heard in a one day trial conducted on January 9, 1980. Kenneth and Linda Ambrose are the sole officers and majority shareholders of the corporation, Kenneth R. Ambrose, Inc.[4] The corporation is engaged in the construction business and, apparently, at the behest of the Carpenters Union undertook a job for which it was never compensated. The failure to receive compensation resulted in an inability by the corporation to make contributions to the Fund as required by the collective bargaining agreement. At the January 9th hearing, the corporation stipulated to the entry of judgment against it in the amount of $17,944.75 plus costs and attorney's fees. This sum represented the total amount owing the Fund. The corporation did not concede liability as to the liquidated damage claim under Pennsylvania law. Similarly, Kenneth and Linda Ambrose denied all individual liability for the contributions owing and the liquidated damages.
 
 
 4
 Trial was held on the issues of liquidated damages and the individual liability of Kenneth and Linda Ambrose. As noted above, the district court found that, because of the close relationship between the Ambroses' and the corporation, the Ambroses' were individually liable for the delinquent contributions. The district court then applied the Pennsylvania liquidated damage clause to both the corporation and the individual defendants. Judgment was entered against the corporation in the amount of $17,944.75 plus $4,486.19 in liquidated damages. The Ambroses' were assessed $14,747.82 plus $3,686.95 liquidated damages. Liability for the amount of judgment was determined to be joint and several. Finally, the district court awarded the Fund costs, "including reasonable attorney's fees, ..., to be determined at a later date." App. at 22. The corporation has appealed insofar as the judgment provides for liquidated damages and the Ambroses have appealed the entire judgment as it pertains to them individually.
 
 II.
 Appealability
 
 5
 A threshold issue in this case is whether we have appellate jurisdiction to hear this matter. Though neither party has challenged this court's jurisdiction, we must conduct an independent review as appellate jurisdiction cannot be conferred by the consent of the parties. Richerson v. Jones, 551 F.2d 918 (3d Cir. 1977). At the time the instant Notice of Appeal was filed on August 12, 1980, for those cases where the trial court had rendered a liability verdict on the main issue but had not awarded a specific amount on counsel fees, there was either confusion or conflict in this circuit as to when an order becomes final and appealable under 28 U.S.C. § 1291.[5] The gist of the issue is whether a district court order which disposes of the merits of a case is final if it decides entitlement to attorney's fees but does not fix the amount of those fees. In Richerson, the district court had entered three orders in the course of the litigation. The first was entered on December 18, 1975, and made findings of fact and conclusions of law resulting in a judgment in favor of the plaintiff. It did not reach the issue of entitlement to attorney's fees nor did it decide the amount, if any, of the fees. Clearly, the December 18th order was not final under § 1291. 551 F.2d at 921, citing Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). The second order was entered on March 12, 1976 and it granted the plaintiff's requested relief "but did not include provisions respecting attorney's fees." The defendant filed a timely Notice of Appeal from this order. Finally, on April 29, 1976, the district court ordered counsel fees and expenses to the plaintiff. Both the plaintiff and defendant appealed from the April 29th order. Our court had to decide whether the March 12th order, which decided the merits and relief issues, or the April 29th order which left nothing "to be done but to enforce by execution what has been determined," was the final order. 551 F.2d at 922, quoting St. Louis, Iron Mountain and Southern Ry. Co. v. Southern Express Co., 108 U.S. 24, 28-29, 2 S.Ct. 6, 8, 27 L.Ed. 638 (1883). The court decided that, "the order of March 12, which left the issue of attorney's fees unresolved, did not terminate the litigation between (the plaintiff) and the (defendant) and, thus, was not a final order." Id. Later in DeLong Corp. v. Raymond International, Inc., 622 F.2d 1135 (3d Cir. 1980), at 1139 n.3, our court wrote:
 
 
 6
 When the district court has determined that a party is entitled to an award of attorney fees but has not yet calculated the amount of the award, the court's order disposing of the merits of the case is, nevertheless, final and appealable.
 
 
 7
 In the present case, the order appealed from establishes entitlement to attorney's fees but, as in DeLong, leaves open the calculation of a final amount. Under Richerson, the Notice of Appeal would be premature. The advantage with the approach taken in the Richerson case is that it presents the appellate court with a truly final order. The conflict between DeLong and Richerson has been resolved by our court's en banc decision in Croker v. The Boeing Co. (Vertol Division), 662 F.2d 975 (3d Cir. 1981) which specifically overrules DeLong. In Croker, Chief Judge Seitz wrote for the court that "(u) ntil the amount of attorney's fees is set, or a fund from which they are to be awarded is established, litigation over the extent of parties' liabilities has not been terminated." At 984.
 
 
 8
 Under our court's recent decision in Croker, the appeal filed in this case was premature and, consequently, we do not have appellate jurisdiction. In accordance with the Croker decision, we will dismiss the appeal. After the district court fixes the amount of attorney's fees, if any, an appeal will be appropriate.
 
 III.
 
 9
 Though we can not reach the merits of this case, our decision probably exemplifies the "troubling result" which Judge Adams recently noted in his concurring opinion in deMouy v. Ingvoldstad, 664 F.2d 21 (3d Cir. 1981), when he stated that though "judicial tidiness has considerable virtues, ... when applied inexorably it loses much of its attractiveness." As in deMouy, no 54(b) certification was sought, and the result here may be even more troublesome because on appeal the appellants' major argument has been that the Pennsylvania statute is preempted by federal law. If appellants are correct, the district court's future findings on counsel fees may have to again be redone if ultimately it is determined that the liquidated damages awarded pursuant to the Pennsylvania statute would be invalid.
 
 
 10
 We note that in a rambling answer to the plaintiffs' complaint, the defendants raised 25 affirmative defenses. Not a single mention was made of whether the Pennsylvania statute is preempted by federal law. Nor did the defendants brief or argue preemption before the district court judge. Thus, the trial judge was not alerted to the issue of preemption which the appellants have pressed so aggressively before us on appeal. We are mindful of the difficult and busy schedule of a district court judge and of the parties' duty to bring the relevant issues to the trial court's attention. Indeed, if the issue of preemption were not jurisdictional, a strong case for waiver could be made on these facts. Because it is jurisdictional, the district court may want to decide the preemption issue and, if there is federal preemption, consider whether the Pennsylvania Wage Payment and Collection Law can be subsumed within the federal common law of § 301. We are bound by the rule enunciated in Croker and conclude that the appellants' appeal must be dismissed.[6] Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); deMouy v. Ingvoldstad, 664 F.2d 21 (3d Cir. 1981).
 
 IV.
 
 11
 Since the appeal is premature, it will be dismissed.
 
 
 12
 ADAMS, Circuit Judge, concurs in the result.
 
 
 
 [1]
 Other plaintiffs include the Carpenters Pension Fund of Philadelphia and Vicinity, the Carpenters Joint Apprentice Committee, the Industry Advancement Program, and the Metropolitan District Council of Philadelphia and Vicinity United Brotherhood of Carpenters and Joiners of America. For ease of reference all of the plaintiffs will be considered together as the "Fund."
 
 
 [2]
 Section 301 provides in relevant part:
 (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 (c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.
 29 U.S.C. § 185(a) & (c). The district court extended § 301 jurisdiction over the Ambroses' as employers because of "(t)he close relationship between the individuals and the corporation...." App. at 20. It did not, however, conclusively decide their liability under federal law.
 
 
 [3]
 The Wage Payment and Collection Law provides for suits by unions against employers to recover delinquent pension and fringe benefit fund contributions. 43 P.S. § 260.9a(a) (1977). It also provides for liquidated damages in the amount of twenty-five percent (25%) of the total amount due for sums which remain unpaid for more than 30 days. 43 P.S. § 260.10 (1977)
 
 
 [4]
 The Ambroses' owned all of the shares of stock in the corporation except one which was owned by a Mr. Thomas Stevens. Kenneth Ambrose serves as President of the corporation and Linda Ambrose serves as the corporation's Secretary and Treasurer
 
 
 [5]
 Section 1291 provides as follows:
 The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.
 
 
 [6]
 The oral argument of this case was a week after the en banc oral argument in Croker and of course after oral argument in Croker all of the judges knew what our tentative disposition was on the appealability issue. This case was marked CAV on June 17, 1981 because of the pending disposition of Croker. The Croker opinion was filed on September 30, 1981. The filing of this decision was purposely delayed until Croker was filed so that there would not be even further confusion caused by a possible conflict between a panel decision and an en banc decision