Harrison COMBS, John J. O'Connell and Paul R. Dean, as Trustees of United Mine Workers of America, Health and Retirement Funds, Plaintiffs,

v.

Evelyn I. INDYK, Leo Indyk, David James and Leslie Ray Smith, Defendants.

Civ. A. No. 81–1296.

United States District Court, W.D. Pennsylvania.

Oct. 20, 1982.

Jack W. Plowman, Plowman & Spiegel, Pittsburgh, Pa., Walter O'Connell, United Mine Workers of America, Washington, D.C., for plaintiffs.

Gordon F. Harrington, Washington, Pa., James Weisman, Ellie Americus, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

This is an action by the trustees of union health and retirement funds against the officers of a corporate signatory to a collective bargaining agreement to recover delinquent contributions the corporation was obligated to make to the funds under the agreement. For the reasons set forth below, the Court has concluded that no federal claims have been stated against the defendants and the pendent state law claims must be transferred to state court or dismissed.

Monroe Contract Corporation[1] (Monroe) and the United Mine Workers of America (UMWA) entered into the National Bituminous Coal Wage Agreements of 1974 and 1978 (wage agreements). Pursuant to these wage agreements Monroe was required to pay into the UMWA Health and Retirement Funds royalties or contributions based upon tons of coal produced or acquired and upon hours worked by classified employees. The trustees of these funds claim Monroe understated the amount of coal produced and the number of hours worked by its employees and has a principal indebtedness in excess of $227,000. Monroe is in Chapter XI bankruptcy and therefore was not named in this action. Rather the trustees have proceeded against Evelyn Indyk, in her capacity as president of Monroe from 1974 until February of 1980; Leo Indyk, in his capacity as vice president of Monroe from 1974 until February of 1980; David James, in his capacity as president of Monroe from February of 1980 to the present; and Leslie Ray Smith, in his capacity as vice president of Monroe from February of 1980 to the present. Federal jurisdiction is premised upon section 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185, and section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132; pendent jurisdiction over a state law claim under Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1 et seq., is also asserted.

Defendants assert numerous defenses: the action must be dismissed because Monroe is an indispensable party, Pennsylvania's Wage Payment and Collection Law is pre-empted by ERISA and is contrary to public policy, one provision of the Wage Payment and Collection Law bars part of the claim, the three year statute of limitations of the Wage Payment and Collection Law bars part of the claim, defendants James and Smith contend they did not know that Monroe was a signatory to the wage agreements and therefore they cannot be liable for obligations arising under the wage agreements. Although the defendants have denominated their first defense as an indispensable party issue, the thrust of their argument is that they were neither signatories to the wage agreements nor employers and therefore cannot be held liable to the plaintiffs under federal law. This argument raises important questions as to whether a federal claim has been stated against the defendants.

■ Section 301 of the LMRA, 29 U.S.C. § 185(a), authorizes suits for the violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce. Plaintiffs invoke section 301 jurisdiction on the basis of an alleged violation of the wage agreements entered into between Monroe and the UMWA. It is undisputed that only Monroe was the employer signatory to these agreements. The record is devoid of any hint or suggestion that the corporate veil should be pierced; this is in contradistinction to the situation confronting the district court in *Carpenters Health and Welfare Fund of Philadelphia and Vicinity, et al. v. Kenneth B. Ambrose, Inc., et al.,* No. 79–1224 (E.D.Pa., filed July 11, 1980) relied upon by the plaintiffs. In *Ambrose* the district court extended section 301 jurisdiction over the corporate officers because of the close relationship between the individuals and the corporation. *Carpenters Health and Welfare Fund v. Kenneth R. Ambrose, Inc.,* 665 F.2d 466 n. 2 (3d Cir. 1981). The sole argument for imposing lia-

---

1. Also referred to as Monroe Contracting Cor-   poration by the parties.

bility on these defendants under section 301 appears to be that as corporate officers they are included within the statutory definition of employers who may be liable for fringe benefits under Pennsylvania's Wage Payment and Collection Law. That corporate officers are included within the statutory definition of employers under state law is too slender a reed for exposing such officers to liability under the federal common law of labor-management relations. To the contrary, it appears that insulation of corporate officers and agents from liability for section 301 violations was, in part, a basis for the parallel insulation of officers and members of local unions from liability for section 301 violations. See *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 249, 82 S.Ct. 1318, 1325, 8 L.Ed.2d 1581 (1962) ("We have already said in another context that § 301(b) at least evidences 'a congressional intention that the union as an entity, like a corporation, should in the absence of agreement be the sole source of recovery for injury inflicted by it.' ") For the foregoing reasons the Court concludes that no section 301 claim has been stated against the defendants.

██ Analysis of the ERISA claim compels a similar conclusion. Section 515 of ERISA, as added by section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145, mandates contributions by employers in accordance with their obligations under multiemployer plans or collectively bargained agreements. Section 502 of ERISA, 29 U.S.C. § 1132, authorizes a fiduciary to redress violations of ERISA. The findings made above with respect to the imposition of section 301 liability on these defendants are equally applicable to a consideration of the imposition of section 515 liability: Monroe was the signatory employer obligated to make contributions to the fund and there are no allegations that its corporate identity was not maintained; that corporate officers are employers under a state statute is unpersuasive. Plaintiffs rely on ERISA's inclusion within its definition of employer of "any person acting . . . indirectly in the interest of an employer," 29 U.S.C. § 1002(5), as an additional basis for arguing that corporate officers are employers under ERISA. Defendants counter with ERISA's omission of officer from its definition of person; person is defined as "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization," 29 U.S.C. § 1002(9). Defendants' position is well-taken. There is no indication that Congress intended to expose corporate officers to liability for their employers' violations of ERISA; in fact, the exclusion of corporate officers from the extensive enumeration of persons points in the opposite direction. For the foregoing reasons the Court concludes that no ERISA claim has been stated against the defendants.

Because the federal claims are dismissed before trial, the pendent state law claims will also be dismissed. *Weaver v. Marine Bank,* 683 F.2d 744, 746 (3d Cir.1982). The plaintiffs may file a motion to transfer the state law claims to an appropriate forum under 42 Pa.C.S.A. § 5103(b) within twenty (20) days, *see id.;* if no such motion is filed the state law claims will be dismissed.

An appropriate order shall issue.