## Connors v. Martinage

*Jeffrey J. Bair,* for plaintiffs.
*James R. Walsh,* for defendants.

CREANY, *J.*, July 7, 1986—The matter before the court is the disposition of defendants' preliminary objections in the nature of a demurrer. Plaintiffs come before the court in their capacity as trustees of the United Mine Workers of America 1950 and 1974 Pension Plans (plans). Defendants Ernest and Mary Martinage served as officers (president and secretary-treasurer respectively) of the Richland Coal Company since approximately 1960 until the company ceased operations between September of 1980 and July of 1981.

Ernest Martinage, as president of the company, was signatory to successive wage agreements with the United Mine Workers in 1974 and 1978. The terms of the wage agreements required the employer to pay into the pension plans a specified sum per ton of coal removed and a specified sum per hour worked by employee. According to paragraph nine of the amended complaint, the Richland Coal Company made the required contributions to the plans and thus fulfilled its obligations under the terms of the wage agreements. Richland Coal ceased operations between September 1980 and July 1981.

Plaintiffs claim in the instant action that Richland Coal Company, and defendants, incurred *withdrawal liability* under the Employee Retirement In-

come Security Act of 1974, as amended, 29 U.S.C. §1381, due to the company's cessation of operations and *complete withdrawal* from the pension plans. Plaintiffs claim that Ernest and Mary Martinage are *employers* as defined under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 et seq., and under the Employee Retirement Income Security Act, 29 U.S.C. §1002(5), and as such are personally liable for *withdrawal liability* supposedly incurred by the corporation in the amount of $42,119.03 plus interest, liquidated damages, attorney's fees and costs.

Defendants respond with two arguments. First, defendants claim that withdrawal liability is imposed by 29 U.S.C. §1381 specifically upon "employers," that corporate officers are not included within that statute's definition of "employer" and that, therefore, defendants, as corporate officers, cannot be held personally liable for the withdrawal penalty.

Defendants' second argument is that the provisions of the Pennsylvania Wage Payment and Collection Law (WPCL) which impose personal liability in limited circumstances upon corporate officers for certain of a corporation's unpaid financial obligations, do not apply to the obligation imposed as *withdrawal liability*.

Defendants have filed preliminary objections in the nature of a demurrer before this court requesting dismissal of plaintiffs' amended complaint, with prejudice, for failure to state a cause of action. Defendants argue that they cannot be held personally liable for any *withdrawal liability* Richland Coal Company may allegedly be subject to.

In ruling upon defendants' demurrer, the court must examine the amended complaint to determine whether "it sets forth a cause of action which, if

proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained . . . [W]here the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained." Sinn v. Burd, 486 Pa. 146, 150; 404 A.2d 672, 674 (1979). The court notes that it is well settled in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly-pleaded material factual averments and all inferences fairly deducible therefrom. Yania v. Bigan, 397 Pa. 316, 155 A.2d 343 (1959).

The issue presently before this court "is whether defendants, as corporate officers, can, pursuant to the terms of ERISA and the WPCL, be held personally liable for a withdrawal liability supposedly incurred by a corporation." If defendants cannot be held *personally liable* under the aforementioned statutes for a corporation's financial obligation imposed as *withdrawal liability*, then plaintiffs' amended complaint would fail to state a claim upon which relief may be granted. This failure would necessitate dismissal of the action against Ernest and Mary Martinage.

Plaintiffs base the within action first upon the terms of the Employee Retirement Income Security Act, 29 U.S.C. §1381, which provides in pertinent part:

"(a) If an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability."

"Employer" is defined under ERISA as:

"(5) . . . any person acting directly as an employer, or indirectly in the interest of an employer, in rela-

tion to an employee benefit plan . . . ." 29 U.S.C. §1002(5).

Further, "person" is defined as:

"(9) . . . an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." Id. at §1002(9).

Plaintiffs contend that defendants, as president and secretary-treasurer of the corporation, are *employers* within the meaning of ERISA and therefore responsible for withdrawal liability under the act. Defendants respond that the statute does not include corporate officers or former officers within the definition of *employer,* and therefore personal liability for the withdrawal liability cannot extend to them.

The court must agree with defendants' position. The definitions under ERISA patently fail to include corporate officers. "There is no indication that Congress intended to expose corporate officers to liability for their employer's violations of ERISA; in fact, the exclusion of corporate officers from the extensive enumeration of persons, points in the opposite direction." Combs v. Indyk, 554 F.Supp. 573 (W.D., Pa., 1982). In Combs, Chief Justice Teitelbaum found that no ERISA claim had been stated against defendant corporate officers for delinquent company contributions due union health and retirement funds. In Solomon v. Klein, 770 F.2d 352 (3rd Cir. 1985), the court specifically addressed the question of "whether under concepts of statutory construction of ERISA we should conclude that Congress intended that corporate officers or large stockholders could be held liable for a corporation's violation of ERISA." In Solomon, trustees of union retirement funds brought an action under ERISA against the president and chief executive officer of a corpora-

tion for unpaid amounts due a retirement fund under a collective-bargaining agreement between corporation and union. Chief Judge Aldisert adopted the position of Combs v. Indyk, supra, and found that corporate officers could not be held personally liable for any delinquent contributions a corporation was obligated to make to a retirement fund under the terms of a collective-bargaining agreement. The court went on to state, ". . . we find nothing in the legislative history to indicate that Congress intended to impose a personal liability on a shareholder or a high-ranking officer of a corporation for ERISA contributions owed by the corporation." This court must therefore conclude that no cause of action based upon ERISA has been stated against defendants allowing for individual liability.

Plaintiffs next argue that defendants are personally liable under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 et seq., for any withdrawal liability imposed by ERISA upon the corporate employer.

The WPCL provides for suits by unions against employers to recover delinquent pension and fringe-benefit fund contributions. 43 P.S. §260.1-.11. Under the WPCL, "employer" is defined as:

". . . every person, firm, partnership, association, corporation, receiver . . . and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." Id. at §260.2a.

The WPCL definition of "fringe benefits" includes:

". . . all monetary employer payments to provide benefits under any employee benefit plan, as defined in . . . the Employee Retirement Income Security Act . . . , and any other amount to be paid pursuant to an agreement to the employee, a third party or fund for the benefit of employees." Id.

Plaintiffs point out that under ERISA, the term "employee benefit plan" means "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both. . . ." Plaintiffs argue that the withdrawal liability imposed by ERISA is a "monetary employer payment" under an employee-benefit plan and, as such, falls within the Pennsylvania Wage Payment and Collection Law definition of fringe benefits. Plaintiffs contend that the legislative history underlying 29 U.S.C. §1381 (providing for withdrawal liability) demonstrates that Congress intended withdrawal liability to be a continued funding by the withdrawing employer of the multi-employer benefit plan's unfunded benefit obligations. Plaintiffs argue that withdrawal liability is actually a contribution by an employer to an "employee benefit plan," and thus should be considered "fringe benefits" as defined in the WPCL. Plaintiffs conclude that since corporate officers can be liable for "fringe benefits" under the Pennsylvania Wage Payment and Collection Law, they can therefore be personally liable for withdrawal liability also under the WPCL.

There appear to be no reported cases that similarly apply plaintiffs' intricate line of reasoning to the question of whether an officer of a corporation can be individually liable, through application of a state law, for withdrawal liability imposed under ERISA. In the cases relied on by plaintiffs, corporate officers were found personally liable under the WPCL for delinquent benefit contributions (not withdrawal liability) owed pursuant to collective-bargaining agreements between union and company. No personal liability for unpaid contributions was allowed under ERISA, and the issue of withdrawal liability was not addressed. See Steamfitters Local 420 v. Murdoch International, Inc., Civil Ac-

tion no. 77-1716 (E.D. Pa., 1979); Carpenter Health and Welfare Fund v. Kenneth R. Ambrose, Inc., 727 F.2d 279 (3d Cir. 1983); Amalgamated Cotton Garment and Allied Industries Fund v. J.B.C. Company of Madera, Inc., 608 F.Supp. 158 (W.D., Pa. 1984); Ward v. Whalen, 18 D.&C.3d 710 (1981).

Withdrawal liability, previously descussed, is a liability imposed by federal law. The federal law, ERISA, has been interpreted so as *not* to impose on officers, individual liability for delinquent corporate obligations. Under ERISA, the definition of "employer" does *not* include corporate officers. Plaintiffs, however, contend that a federally created liability can be levied on individuals through an intricate application of state law definitions, even though the courts refuse to interpret the federal law itself as imposing such individual liability.

This court notes that the Wage Payment and Collection Law is *not* preempted by ERISA. Carpenters Health and Welfare Fund v. Ambrose, supra. However, the purpose of the Wage Payment and Collection Law is "to give additional protections to employes by providing statutory remedies for the employer's breach of its contractual obligation to pay wages." Ward v. Whalen, 18 D.&C.3d at 714. (Emphasis added.) As stated in paragraph nine of the amended complaint, defendants have fulfilled their contractual obligations to contribute to the pension plans. "That corporate officers are included within the statutory definition of employers under state law is too slender a reed for exposing such officers to liability under the federal common law of labor-management relations." Combs v. Indyk, 554 F.Supp. at 575. This court must perforce agree.

Plaintiffs provide an excerpt from the legislative history of the pertinent withdrawal liability provisions of 29 U.S.C. §1381 et seq., on page 8 of their

brief in opposition to defendants' preliminary objections. Plaintiffs emphasize the sentence which states that the ways and means committee "believes that a rule which requires an employer who withdraws from a multiemployer plan to continue funding a share of the plan's unfunded benefit obligations removes the present incentive for employer withdrawals and provides protection to remaining employers where withdrawals nevertheless occur." House Report no. 96-869, part II, page 15, 4 U.S. Code Congressional and Administrative News 3004 (1980). However, plaintiffs neglected to include the last sentence of the paragraph in their excerpt. "The committee, however, intends that these rules not deter new employers from entering a multiemployer plan." Id. What more forceful deterrent to entering such a benefit fund could exist than the knowledge that personal liability for federal withdrawal liability could be imposed upon corporate officers according to the vagaries of state laws?

Therefore, this court concludes that plaintiffs have failed to state a cause of action against defendants under the Pennsylvania Wage Payment and Collection Law as well as under the Employee Retirement Income Security Act. The Wage Payment and Collection Law cannot be construed to permit personal liability claims on corporate officers for withdrawal liability imposed by ERISA on corporations in their roles as "employers."

Accordingly, the court enters the following

## ORDER

And now, this July 7, 1986, upon review and consideration of the record, arguments and briefs of counsel, the court finds that plaintiffs have failed to state a cause of action against defendants upon

which relief may be granted under either the Wage Payment and Collection Law or the Employee Retirement Income Security Act.

Wherefore, the preliminary objections in the nature of a demurrer filed by defendants Ernest and Mary Martinage are hereby sustained. The court orders and directs that plaintiffs' amended complaint filed October 10, 1985, to the above-captioned term and number be and the same is hereby dismissed, with prejudice.