**John H. SEREMBUS, Chairman on Behalf of the U.I.U. HEALTH & WELFARE FUND on Behalf of the U.I.U. PENSION TRUST, Plaintiff,**

v.

**COMFORT LINES, INC., 1735 Diversey, Inc., Mac Gelman, individually and in his capacity as president of Comfort Lines, Inc., Defendant.**

No. 87 C 5355.

United States District Court, N.D. Illinois, E.D.

April 6, 1988.

Karen I. Engelhardt, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for plaintiff.

Edward Margolis, Teller, Levit & Silvertrust, Chicago, Ill., for defendant Mac Gelman.

## ON MOTION TO DISMISS

MORAN, District Judge.

John Serembus, trustee of the United Steel Workers Upholstery & Allied Industry Division Health & Welfare Fund ("Fund") and Pension Trust ("Trust")

brings this action under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, alleging that defendants failed to contribute to the Fund and the Trust as required by applicable collective bargaining agreements. In his three-count complaint plaintiff first identifies Comfort Lines, Inc. ("Comfort Lines") as defendant; in count II he designates as defendant 1735 Diversey, Inc. ("Diversey"), a company owned and operated by Comfort Lines; and in count III plaintiff names Mac Gelman in his individual and official capacity as president and shareholder of Comfort Lines. Defendant Gelman moves to dismiss count III on the ground that ERISA does not expose Mac Gelman as an individual or corporate officer to personal liability.

## FACTS [1]

The parties entered into a collective bargaining agreement providing that Comfort Lines would contribute to the Fund and the Trust an amount based on a percentage of its employees' earnings. Defendants failed to make the required contributions from July 1986 to July 1987. As a result of this delinquency defendants owe the Fund $93,772.13 (cplt. ¶ 9) and owes the Trust $32,177.33 (cplt. ¶ 16). In addition, plaintiff seeks liquidated damages and attorney's fees, as provided for under ERISA, totalling $25,189.88.

## DISCUSSION

Under ERISA "[t]he term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan...." 29 U.S.C. § 1002(5). A "person," as defined in ERISA, "means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9). Recent decisions reveal disagreement among the courts as to whether and in what circumstances the word "individual" in § 1002(9) subsumes corporate officers and controlling shareholders, thus subjecting them to personal liability, or whether traditional corporate law concepts operate to insulate these officers and shareholders from liability. *Compare Gambino v. Index Sales Corp.*, 673 F.Supp. 1450, 1455–56 (N.D.Ill.1987) (holding officers personally liable), *with Solomon v. Klein*, 770 F.2d 352, 354 (3d Cir. 1985) (officers shielded from personal liability).

While the Seventh Circuit Court of Appeals has yet to settle the matter, this court, in two recent opinions, has considered the scope of officer liability for withdrawal assessments. *See Glover v. S.D.R. Cartage Co.*, 681 F.Supp. 1293 (N.D. Ill.1988); *In Re: Consolidated Litigation Concerning International Harvester*, 681 F.Supp. 512 (N.D.Ill.1988). In those cases we determined that the subchapter I definition of "employer" did not apply to subchapter III which governs withdrawal liability, *Glover*, at 1294–96; *International Harvester*, at 517–18, and therefore held that Congress did not intend to hold officers and controlling shareholders personally liable for withdrawal liability assessments. We were careful to note, however, that the holdings applied specifically to withdrawal liability [2] and did not necessarily extend to liability for delinquent benefit contributions—the situation we now confront.

---

**1.** For purposes of this motion we assume the truth of all well-pleaded facts and will grant dismissal only if plaintiff is not entitled to relief under any set of facts proven consistent with the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

**2.** Just as we noted the limited relevance of delinquent contributions cases when we explored whether directors could be held personally liable for withdrawal assessments, *see Glover*, at 1297, we find cases such as *DeBreceni v. Graf Bros. Leasing, Inc.*, 828 F.2d 877 (1st Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1024, 98 L.Ed.2d 988 (1988), and *Connors v. P & M Coal Co.*, 801 F.2d 1373 (D.C.Cir.1986), which considered only withdrawal-assessment liability and not delinquent-contribution liability, of little guidance here.

In this district, several courts have recently ruled on the issue and have imposed personal liability on directors and controlling shareholders for delinquent pension contributions. *See Gambino*, 673 F.Supp. at 1456 (analogizing ERISA to Fair Labor Standards Act); *Glover v. Hartmann Freight Lines, Inc.*, No. 86 C 5004, slip op. at 5–6 (N.D.Ill. Jan. 15, 1988) [available on WESTLAW, 1988 WL 98808] (adopting *Gambino* approach); *Laborers Pension Fund v. Bakke Construction Co.*, No. 87 C 963, slip op. at 11–12 (N.D.Ill. Nov. 9, 1987) [available on WESTLAW, 1987 WL 19818] (under plain language of ERISA, "person" includes corporate officers and directors). We find the reasoning in these decisions persuasive and far from a radical departure from ERISA precedent, as defendant claims.[3]

Counter to defendants' assertions, neither the D.C. Circuit in *Connors*, 801 F.2d at 1377, nor the district court in *Combs v. Sun–Up Coal Co.*, 634 F.Supp. 13, 18 (D.D. C.1985), questioned the validity of the First Circuit's analysis of officer liability under the FLSA in *Donovan v. Agnew*, 712 F.2d 1509, 1510–11 (1st Cir.1983) (holding corporate officer with operational control jointly and severally liable for unpaid wages). Instead, in *Connors*, 801 F.2d at 1377 and *Combs*, 634 F.Supp. at 18–19—both of which concerned withdrawal liability claims —the courts characterized *Donovan, id.*, as holding that the degree of control that an officer or shareholder asserts over the corporation's operations and financial decisions controls whether imposing personal liability is appropriate, and not that these positions *per se* render these individuals subject to liability.

The decision by the court in *Solomon v. Klein*, 770 F.2d 352, 354 (3d Cir.1985) (quoting *Combs v. Indyk*, 554 F.Supp. 573, 575 (W.D.Pa.1982), however, directly contradicts our holding today. In *Solomon, id.*, the court held that Congress did not intend to expose corporate officers and shareholders to personal liability for their failure to make ERISA benefit contributions because ERISA's definition of the term "person" does not specifically include the words "officers" or "directors." This reasoning has been rejected by Judge Shadur in *Gambino*, 673 F.Supp. at 1456, and we find his analysis convincing. We agree that the terms "officer" and "shareholder" denote capacities in which persons or individuals, as described under ERISA, can function and that we should draw no negative inference from their omission from the statute. *See id.*

In *International Harvester*, at 517, we noted that "employer liability for [subchapter] I purposes extends well beyond proof necessary to pierce the corporate veil," and here we find the complaint sufficient to survive this motion to dismiss. Plaintiff includes an alter ego claim and asserts that Gelman intermingled his personal assets with those of Comfort Lines (cplt. ¶¶ 71, 73). *Cf. Combs*, 634 F.Supp. at 19 (allegation that individual is officer or sole shareholder, without claim that he is alter ego or responsible for corporation's financial decisions, insufficient to sustain action under ERISA). Further, plaintiff has alleged facts indicating that Mac Gelman had a significant ownership interest in and daily operational control over Comfort Lines (cplt. ¶ 70), and that Gelman was personally responsible for Comfort Lines' decision to "authorize" certain payments to creditors while failing to contribute to either the Fund or the Trust (cplt. ¶ 72). Under these circumstances we find that he can be held personally liable under ERISA for the delinquent contributions and we deny defendants' motion to dismiss Count III.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss count III is denied.

---

**3.** While defendant attacks only *Gambino*, 673 F.Supp. 1450, on these grounds, there is overlap in the analysis employed in these cases and presumably the imposition of personal liability in all three is equally objectionable to defendant.