Joseph LAWRENCE, Individually and on Behalf of All Those Similarly Situated, Plaintiff,

v.

Robert J. REGAL, President and Individually, Siegfried Molnar, Officer of RBS Industries, Inc. and Individually, Roy B. Henry, Officer of RBS Industries, Inc., & Individually, Defendants.

Thomas DZAMBO, Individually and on Behalf of All Those Similarly Situated, Plaintiff,

v.

Robert J. REGAL, President and Individually, Siegfried Molnar, Officer of RBS Industries, Inc. and Individually, Roy B. Henry, Officer of RBS Industries, Inc., & Individually, Defendants.

Civ. A. Nos. 91–742, 91–743.

United States District Court, W.D. Pennsylvania.

Feb. 19, 1993.

203

Frank J. Lucchino, John W. Smart, Richard J. Antonelli, Grogan, Graffam, McGinley & Lucchino, Pittsburgh, PA.

Irving L. Bloom, Greensburg, PA.

Charles Kelso, Fisher & Phillips, Atlanta, GA.

## MEMORANDUM ORDER

COHILL, District Judge.

These two identical actions were originally filed in the Court of Common Pleas of Westmoreland County, Pennsylvania by Joseph Lawrence and Thomas Dzambo, both purporting to represent a class of former employees of RBS Industries, Inc. ("RBS"), and both represented by the same counsel. The plaintiffs allege that RBS ceased operations and shut down its plant in Westmoreland County, Pennsylvania, and that various officers of RBS are liable to them for severance pay by virtue of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Const.Stat. Ann. § 260.3(a), ("WPCL").

By order dated April 25, 1991, the Common Pleas Court of Westmoreland County granted the plaintiffs' leave for discontinuance against RBS in both cases. These actions were then removed to this court by defendants Robert Regal and Siegfried Molnar who claim preemption by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, and section 301 of the Labor Management Relations Act, 29 U.S.C.

§ 185. In July, 1992, default was entered against defendant Roy B. Henry for failure to appear.

Before the Court are motions to remand filed by the plaintiffs, and motions to dismiss filed by defendants Regal and Molnar in both cases. For the following reasons, we will deny the motions to remand and grant the motions to dismiss.

## DISCUSSION

### A. Motion to Remand

The plaintiffs are seeking payment of earned severance pay. They have premised their claims on the WPCL. The plaintiffs argue that under *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 45–47, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), actions under the WPCL are only preempted by ERISA if they are related to or affect the employer's benefit plan. ERISA's preemption provisions do not refer to state laws relating to employee *benefits*, the plaintiffs argue, but rather to laws relating to *benefit plans*. *Ft. Halifax Packing Company, Inc. v. Coyne*, 482 U.S. 1, 6–8, 107 S.Ct. 2211, 2215, 96 L.Ed.2d 1 (1987). The WPCL provides a remedy for employees to pursue a one time liquidated payment from corporate officers and directors of a bankrupt corporation due to the corporation's failure to make undisputed severance and/or vacation payments and is not preempted by ERISA. Plaintiffs' Brief at 9–11.

Concerning the defendants' contention that this action is also preempted by section 301 of the Labor Management Relations Act, the plaintiffs assert that only actions involving violations of collective bargaining agreements are preempted. Plaintiffs' Brief at 13, *citing, International Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). The plaintiffs claim that "the instant matter does not in anyway involve the Collective Bargaining Agreement which established the rights and duties of Plaintiff when he filed suit against the Defendants." Plaintiffs' Brief at 15. The plaintiff concedes, however, that section 301 provides federal adjudication of labor disputes arising out of collective bargaining agreements. *Plaintiff's Brief at 13, citing, Retail Clerk*

*Union v. Alfred M. Lewis,* 327 F.2d 442 (9th Cir.1964).

We find that the plaintiffs' claims are based upon a collective bargaining agreement and are therefore preempted under section 301 of the Labor Management Relations Act. The source of the defendants' obligation for severance pay is the collective bargaining agreement between the plaintiffs' union and · RBS Industries. Whether the plaintiffs are entitled to severance will require analysis of the terms of the collective bargaining agreement. · Thus, under *Allis–Chalmers Corp. v. Leuck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 1915–18, 85 L.Ed.2d 206 (1985), the plaintiffs' claim is preempted under section 301.

B. *Defendants Siegfried Molnar's and Robert Regal's Motion to Dismiss, or for Summary Judgment*

Defendants Siegfried Molnar and Robert Regal offer several arguments in support of their motion to dismiss, one of which is that the plaintiffs' claims are preempted by federal labor and are within the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). Because federal labor law provides no basis for actions against officers of an employer corporation in their personal capacity, and because RBS is no longer a party to this suit, the plaintiffs case should be dismissed. Defendants Brief at 11, 16–17, 22, *citing, Combs v. Indyk,* 554 F.Supp. 573 (W.D.Pa.1982) (Teitelbaum, C.J.). We agree.

The plaintiffs' case is one which seeks to impose personal liability on corporate officers under the WPCL for severance benefits which they allege RBS owed them. We have determined that this claim is preempted by federal labor law. Under federal labor law, the plaintiffs cannot maintain an action against corporate officers in their individual capacity for claims based upon a collective bargaining agreement. As the court stated in *Combs,* 554 F.Supp. at 574–75:

> The sole argument for imposing liability on these defendants under section 301 appears to be that as corporate officers they are included within the statutory definition of employers who may be liable under Pennsylvania's Wage Payment and Collection Law. That corporate officers are in-

cluded within the statutory definition of employers under state law is too slender a reed for exposing such officers to liability under the federal common law of labor-management relations. To the contrary, it appears that insulation of corporate officers and agents from liability for section 301 violations was, in part, a basis for the parallel insulation of officers and members of local unions from liability for section 301 violations.

AND NOW, to wit, this 19th day of February, 1993, it is hereby ORDERED, ADJUDGED and DECREED that the plaintiffs' Motions for Remand filed in civil action numbers 91–742 and 91–743 be and hereby are DENIED. It is further ORDERED that defendants Siegfried Molnar's and Robert Regal's Motion to Dismiss in civil action numbers 91–742 and 91–743 be and hereby are granted.