John J. GRIMES and Claire Grimes, Plaintiffs,

v.

CHRYSLER MOTORS CORPORATION and Nordic International Company, Defendants.

CHRYSLER MOTORS CORPORATION, Defendant and Third-Party Plaintiff,

v.

ABEL ADEL, INC., Gerard Gilbert, Acorn Taxi Corp. and Gary Marcus, Third-Party Defendants.

Jerome EDELMAN, Appellant,

v.

Morris HIRSCHHORN, Attorney of Record-Appellee.

No. 147, Docket 77–7247.

United States Court of Appeals, Second Circuit.

Argued Oct. 3, 1977.

Decided Nov. 17, 1977.

---

Jerome Edelman, in pro per.

Morris Hirschhorn, in pro per.

Before HAYS, GURFEIN and MES-KILL, Circuit Judges.

PER CURIAM:

The instant appeal arose from a dispute about the distribution of settlement funds in a personal injury action, *Grimes v. Chrysler Motors Corp.*, Civil No. 73–986 (S.D. N.Y., settled Feb. 17, 1977). The case was settled with court approval after several days of trial.

The *Grimes* suit was before the federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332.

Appellee, Morris Hirschhorn, was attorney of record in the *Grimes* litigation; appellant, Jerome Edelman, was trial counsel. On March 2, 1977, before all of the settlement checks had been received, Edelman commenced a suit in state court, naming

Hirschhorn and Mr. and Mrs. Grimes as defendants.[1] Anticipating that the state suit involved questions about the *Grimes* settlement monies, Hirschhorn moved that the District Court require deposit of the settlement funds in the court's registry and supervise the distribution of said funds among the Grimeses, Edelman and Hirschhorn. The motion was granted,[2] and a full-day hearing on the matter of disbursements was held May 10, 1977. On the basis of that hearing, the District Court rejected some of Edelman's claims for disbursements, principally on the ground that such expenditures were properly part of Edelman's overhead and should not be paid from the gross settlement award. In an order dated May 12, 1977, the District Court specified what it had determined to be the proper distribution of the funds. The monies were disbursed accordingly on May 20, 1977.

Edelman contends that the District Court lacked subject matter jurisdiction to supervise the distribution of the settlement funds. Specifically, he argues that although the determination of the disbursements questions would affect the distribution of the monies, the controversy was a simple contract dispute between Edelman and Hirschhorn,[3] both citizens of New York State; thus, he claims that no federal question or diversity jurisdiction formed the basis for hearing this dispute. Edelman further claims that even if the controversy was properly before the District Court, that Court's disallowance of some of Edelman's disbursements was incorrect and should be overturned.

We affirm the District Court.

## I

In asserting jurisdiction to supervise the distribution of the *Grimes* settlement funds, the District Court relied on *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a case in which a federal court was permitted to hear a state claim on the theory of pendent jurisdiction. Under *Gibbs*, a state claim may be determined to be pendent to a federal claim properly before the federal court, and thus triable in that forum, if both claims "derive from a common nucleus of operative fact. . . . [and] are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding . . . ." *Id.* at 725, 86 S.Ct. at 1138.

The District Court decided to grant the motion requesting the court to require deposit of the settlement funds into the court's registry and to supervise the distribution of said funds because " 'considerations of judicial economy, convenience and fairness to litigants' will be furthered thereby. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)." *Grimes v. Chrysler Motors Corp.*, Civil No. 73–986 (S.D.N.Y., Memorandum Decision of April 13, 1977). While this is undoubtedly true,[4] *Gibbs* is

---

1. It is unclear why Edelman brought suit against the Grimeses, especially in light of his contention that his dispute was solely with Hirschhorn. *See* note 3 *infra.* He did testify, however, at the May 10 hearing, that he intended to discontinue his state suit as to the Grimeses. *Grimes v. Chrysler Motors Corp.*, Civil No. 73–986 (S.D.N.Y., Transcript of May 10 Hearing at 5–6.)

2. *Grimes v. Chrysler Motors Corp.*, Civil No. 73–986 (S.D.N.Y., Order of May 5, 1977.)

3. Although the exact nature of the attorneys' dispute is not revealed by the record, it appears that Edelman felt that he had suffered the bulk of the out-of-pocket expenses, that he had established the winning position that promoted the settlement, and that Hirschhorn was now

trying to prevent his receiving full reimbursement. It is to be noted that the Grimeses would also necessarily be involved; any disbursement would diminish their share of the settlement.

4. Sustaining jurisdiction here would achieve the important aims of pendent jurisdiction enumerated in *Gibbs.* The District Court judge had been involved with the *Grimes* case for a substantial period of time and could best decide the question of disbursements. By not deferring to the state court, "judicial economy" and "convenience" are served. If the federal court had refused to hear the case, the Grimeses would have had to wait even longer before they received their monies and they would have expended still further amounts in defending

inapposite here. The instant dispute involves two attorneys, neither of whom was a "party " to the primary litigation, the *Grimes* case; *Gibbs*, on the other hand, was concerned with pendent *claims*, not parties. A recent Supreme Court decision, *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1975), has cast doubt on whether pendent jurisdiction

> encompasses not merely the litigation of additional *claims* between parties with respect to whom there is federal jurisdiction, but also the impleading of additional *parties* with respect to whom there is no independent basis of federal jurisdiction . . . .

*Id.* at 6, 96 S.Ct. at 2416 (emphasis in original). While the Court's negative answer in *Aldinger* was specifically limited to cases in which federal jurisdiction was based solely on a civil rights claim brought under 42 U.S.C. § 1983, the decision makes it difficult to determine in which situations joinder of pendent parties should be permitted.[5] This question need not be further explored here; jurisdiction over the distribution of the settlement funds can be sustained as ancillary to jurisdiction over the claim itself.

■ Although the exact jurisdictional question involved in this suit rarely arises,[6] there is ample authority to support the general proposition that

> a district court acquires jurisdiction of a case or controversy as an entirety, and may, as an incident to the disposition of a matter properly before it, possess jurisdiction to decide other matters raised by the case of which it could not take cognizance were they independently presented.

C. A. Wright, Federal Courts § 9 at 19 (1970). The Supreme Court has established that the exercise of ancillary jurisdiction is appropriate where the subsidiary controversy "has direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit." *Fulton National Bank of Atlanta v. Hozier*, 267 U.S. 276, 280, 45 S.Ct. 261, 262, 69 L.Ed. 609 (1925). Under these standards, the District Court's distribution of the *Grimes* settlement funds and its determination of appropriate disbursements was clearly ancillary to its approval of the settlement in the case. *See also Schmidt v. Zazzara*, 544 F.2d 412 (9th Cir. 1976); *State of Iowa v. Union Asphalt & Roadoils, Inc.*, 409 F.2d 1239 (8th Cir. 1969).

## II

■ The District Court's determinations that some of Edelman's expenses were not disbursements chargeable against the gross settlement award were findings of fact, and cannot be overturned unless they were "clearly erroneous." Fed.R.Civ.P. 52(a). All evidence on these questions was obtained from the testimony of Edelman and Hirschhorn. The District Court judge, who heard these witnesses, was in the best position to evaluate their credibility. On the record, we cannot say that these findings were "clearly erroneous."

---

against Edelman's claims in state court, even if they were not the named defendants. *See* note 3 *supra*. Thus, "fairness to the litigants" is also achieved.

**5.** The Court said, "[W]e think it quite unnecessary to formulate any general, all-encompassing jurisdictional rule." *Aldinger v. Howard*, 427 U.S. 1, 13, 96 S.Ct. 2413, 2419, 49 L.Ed.2d 276 (1975).

**6.** At least two other courts have been faced with similar issues. In those cases, *American Federation of Tobacco Growers, Inc. v. Allen*, 186 F.2d 590 (4th Cir. 1951), and *Andrews v. Central Surety Insurance Co.*, 295 F.Supp. 1223 (D.S.C.1969), the courts assumed jurisdiction over subsidiary disputes concerning distributions of awards, finding these controversies ancillary to the primary federal cases.