**INTERNATIONAL MOLDERS & ALLIED WORKERS, Plaintiffs,**

v.

**UNITED FOUNDRIES, INC., et al., Defendants.**

Civ. No. 85–0879.

United States District Court, M.D. Pennsylvania, Third Circuit Division.

April 7, 1986.

Robert E. Marsh, Jr., Hoegen & Marsh, Wilkes-Barre, Pa., for plaintiffs.

Nathan Greenberg, William W. Warren, Jr., Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiffs filed this action on June 27, 1985, alleging essentially that United Foundries, Inc. ("United Foundries") failed to permit plaintiffs to audit United Foundries' records and failed to make contributions to the pension fund as required by a labor contract between the parties. In Count V of the complaint, plaintiffs assert a claim against, *inter alia*, Defendant Greenberg (Defendant) pursuant to the Pennsylvania Wage Payment and Collection Law (WPCL). Defendant filed a Motion to Dismiss, or in the alternative, for Summary Judgment on August 21, 1985. In his motion, defendant avers that the court lacks subject matter jurisdiction over the claim, lacks personal jurisdiction over defendant and that Count V fails to state a

claim against defendant. *See* Document 5 of the Record at 2. Defendant filed a supporting affidavit and brief on September 3, 1985 and October 3, 1985, respectively. *See* Documents 7 and 12 of the Record. By Order dated December 13, 1985, pursuant to defendant's request, the court granted the Motion to Dismiss due to plaintiffs' failure to oppose the motion. *See* Document 15 of the Record. Pursuant to plaintiffs' motion, in which defendant concurred, by Order dated December 27, 1985, the court vacated the Order of December 13, 1985. *See* Document 16 of the Record. Plaintiffs filed an opposition brief on December 27, 1985. Defendant filed a reply brief on February 7, 1986. The matter is now ripe for disposition. For the reasons set forth below, defendant's Motion to Dismiss, or in the alternative, for Summary Judgment will be denied.

## DISCUSSION

■ A perusal of plaintiffs' complaint demonstrates that plaintiffs' only claim against defendant is found in Count V of the complaint.[1] The other counts of the complaint either seek judgment against the company (United Foundries) or its present officers, etc. *See e.g.,* Count I—Document 1 of the REcord at 5. Defendant's affidavit demonstrates that he is no longer an officer or director of United Foundries. *See* Document 7 of the Record. Thus, subject matter jurisdiction over the claim against defendant must be predicated on this court's "pendent party" jurisdiction.[2]

In *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the United States Supreme Court dealt with the "subtle and complex question" of whether the doctrine of pendent jurisdiction extends to confer jurisdiction over a party as to whom no independent basis of federal jurisdiction exists. *Id.* at 2–3, 96 S.Ct. at 2415. The court distinguished *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), stating:

> but it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant 'derive from a common nucleus of operative fact.'

*Id.* 427 U.S. at 14, 96 S.Ct. at 2420 (citation omitted).

In resolving this issue, the Supreme Court found "as against a plaintiff's claim of *additional* power over a 'pendent party', the reach of the statute conferring jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power *has* been extended by Congress." *Id.* at 17, 96 S.Ct. at 2421 (emphasis in original). In so finding, the court held:

> If the new party sought to be joined is not otherwise subject to federal jurisdic-

---

**1.** Plaintiffs do not assert claims pursuant to the Labor Management Relations Act (LMRA) or the Employee Retirement Income Security Act (ERISA) against defendant. Thus, the issue of individual liability under the LMRA or ERISA is not before the court. The court recognizes, however, that if the factual circumstances support an alter ego theory, then individual defendants may be held personally liable under both the LMRA and ERISA. *See Carpenters Health and Welfare Fund v. Kenneth R. Ambrose, Inc.,* 727 F.2d 279 (3d Cir.1983); *Solomon v. Klein,* 770 F.2d 352 (3d Cir.1985). Accordingly, both the LMRA and ERISA, as interpreted in this circuit, permit actions against individual defendants if the proper factual predicate can be established.

**2.** Apparently, there is no other independent basis of federal jurisdiction over defendant. The record indicates, however, that defendant is a citizen of New York. *See* Document 7 of the Record at ¶ 1. Moreover, Defendants United Foundries and Ernest Priebe apparently are citizens of Pennsylvania. On the other hand, Plaintiff Pension Fund and plaintiff trustee seem to be citizens of Ohio. Accordingly, complete diversity may exist. *See e.g., Navarro Savings Assn. v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). This issue need not be addressed in light of this court's finding that the doctrine of pendent party jurisdiction applies in this case.

tion, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state-law claim. *Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.*

*Id.* at 18, 96 S.Ct. at 2422 (emphasis added).

Plaintiffs assert no federal claim against defendant so that the issue is whether plaintiffs' claim pursuant to the WPCL is properly within this court's subject matter jurisdiction. As defendant avers, assuming *arguendo* that plaintiffs can assert a claim under the WPCL, *see Carpenters Health and Welfare Fund v. Kenneth R. Ambrose, Inc., supra,* this court still must determine whether it has subject matter jurisdiction over that claim. *See* Document 19 of the Record at 6. Subject matter jurisdiction must be established and even a valid claim must fail if subject matter jurisdiction is lacking.

In making this determination, the court must decide whether "pendent party" jurisdiction can be utilized in this case. "The term 'pendent party' refers to a case where a party, who has asserted a federal claim against one party over which there is juris-

diction, seeks to join an entirely different party on the basis of a state-law claim over which there is no independent basis of federal jurisdiction." *Cheltenham Supply Corp. v. Consolidated Rail Corp.,* 541 F.Supp. 1103, 1105 n. 3 (E.D.Pa.1982). In light of *Aldinger v. Howard, supra,* our Court of Appeals has suggested a narrower interpretation of pendent party jurisdiction. *See Grodjeski v. Township of Plainsboro,* 577 F.Supp. 67 (D.N.J.1983). In fact, in *Glus v. G.C. Murphy Co.,* 562 F.2d 880 (3d Cir.1977), the court stated, "in *Aldinger v. Howard,* ... the Supreme Court cast grave doubts whether ancillary jurisdiction may be extended to situations where there is no independent basis for subject matter jurisdiction over a party." *Id.* at 886–87. As the *Cheltenham* court recognized, however, our Court of Appeals has not directly reviewed the issue of pendent party jurisdiction since *Aldinger.*[3] *Cf. Kerry Coal Co. v. United Mine Workers,* 637 F.2d 957, 965 (3d Cir.), *cert. denied,* 454 U.S. 823, 102 S.Ct. 109, 70 L.Ed.2d 95 (1981) (conclusion that LMRA § 303(b) jurisdiction is insufficient by itself to sustain pendent state law claim against individual union member *may be* sound). Similarly, the three tiered analysis enunciated in *Aldinger* has not been repudiated by the Supreme Court.[4] Accordingly, this

---

**3.** For example, in *Lentino v. Fringe Employee Plans, Inc.,* 611 F.2d 474 (3d Cir.1979), the federal ERISA claim against a defendant was withdrawn right before trial and the Court of Appeals recognized that it was unclear whether the district court reached the question of whether to exercise discretion and decide the pendent claim. Instead, the court stated, "it is as likely that the court accepted jurisdiction over the malpractice claim on the closely related doctrine of pendent party jurisdiction." *Id.* at 479. The court did not, however, have to decide which jurisdictional power the district court relied on. In so doing, the court held:

even if we assume that the district court based jurisdiction over the malpractice claim on pendent-party jurisdiction without expressing an opinion as to the propriety of pendent jurisdiction based on the ERISA claim against Muller, we think it proper that this case should be reviewed as if the district court exercised its discretion to exercise pendent jurisdiction.

*Id.; see Livolsi v. Ram Construction Co., Inc.,* 728 F.2d 600, 601 n. 2 (3d Cir.1984) (plaintiffs did not bring action against defendant officers under ERISA; appeared to the court that officers were in federal court on basis of claims lodged under state law; *citing Aldinger*). *See also Kuehner v. Schweiker,* 717 F.2d 813, 828 n. 17 (3d Cir.1983), *vacated* 469 U.S. 977, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984) (Becker, J., concurring) (pendent-party jurisdiction is another basis for jurisdiction over individual state defendants if mandamus jurisdiction does not apply; *citing Aldinger*); *Sansom Committee v. Lynn,* 735 F.2d 1535 (3d Cir.), *cert. denied,* 469 U.S. 1017, 105 S.Ct. 431, 83 L.Ed.2d 358 (1984) (Garth, J., dissenting) (*Aldinger* discussed; trend against expansive pendent-party federal question jurisdiction; statute conferring federal jurisdiction must be examined).

**4.** In fact, this analysis met with approval in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

**504**

court is constrained to follow the *Aldinger* analysis.

■ This court previously utilized the three-step process set forth in *Aldinger* to ascertain whether pendent party jurisdiction should be exercised in light of this narrow interpretation. *See Wilkes-Barre Publishing Co. v. Newspaper Guild, etc.,* 504 F.Supp. 54 (M.D.Pa.1980), *modified on other grounds,* 647 F.2d 372 (3d Cir.1981), *cert. denied,* 454 U.S. 1143, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982).[5] First, the court must consider whether there is constitutional power to entertain the state law claim. *Id.* at 63. Secondly, it must be determined whether the Congressional statute conferring jurisdiction over the federal claim expressly or by implication negates the exercise of jurisdiction over the particular non-federal claim. *Id.* Finally, the court must determine if considerations of judicial economy, convenience and fairness to the litigants compels a discretionary exercise of jurisdiction. *Id.* at 64.

■ At the outset, the court finds that there is constitutional power to entertain the pendent state law claim. The WPCL claim is brought in conjunction with significant federal claims that are properly based. Furthermore, the federal and state claims derive from a common nucleus of operative fact such that a court ordinarily would be expected to try them in one judicial proceeding. *Id.* at 63.

Although dealing with diversity jurisdiction, the Supreme Court stated:

> the *Aldinger* and *Zahn* cases thus make clear that a finding that federal and nonfederal claims arise from a 'common nucleus of operative fact,' the test of *Gibbs,* does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones. Beyond this constitutional minimum, there must be an examination of the posture in which the non-federal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to determine whether 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over the particular nonfederal claim.

*Id.* at 373, 98 S.Ct. at 2402 (citation omitted).

5. This court held that § 301 of the LMRA did not confer subject matter jurisdiction over tor-

■ In *Wilkes-Barre Publishing Co.,* this court held that § 301 of the LMRA did not manifest a congressional intent to preclude assertion of pendent party jurisdiction over a tortious interference with contract claim. *Id.* at 64. The absence of any indication of legislative intent suggesting that defendants were immune from suit under § 301 militated in favor of exercising pendent party jurisdiction. *Id.* Similarly, in this case, the individual defendants are not immune from suit under the LMRA. *Cf. Carpenters Health and Welfare Fund v. Kenneth R. Ambrose, Inc., supra* (application of alter ego theory to pierce corporate veil is a factual one that must be supported by the record; individual liability under the LMRA may be based on the alter ego theory). Although plaintiffs fail to assert an alter ego theory and no claim pursuant to federal law is made against defendant, Congress did not negate jurisdiction over individuals pursuant to the alter ego theory. Consequently, defendant conceivably could be liable under the LMRA. Accordingly, the statutory language of the LMRA does not negate the exercise of jurisdiction over the pendent WPCL claim. In so holding, the court recognizes that § 301 does not confer exclusive jurisdiction in the federal courts, thus eliminating one compelling reason for exercising pendent party jurisdiction. *Id.*

■ Defendant cites *Combs v. Indyk,* 554 F.Supp. 573 (W.D.Pa.1982), to support

tious interference claims against defendants who were not signatories to the collective bargaining agreement. *Id.* at 63. In light of this holding, the court determined whether pendent party jurisdiction would be utilized to "cover" these defendants. *Id.* Our Court of Appeals did not address the pendent party issue because it found that a claim of tortious interference with a labor contract is one arising under federal common law, over which a district court has jurisdiction. 647 F.2d at 381. In deciding the issue, the court stated, "the pendent state law claim against them (remaining defendants) can be entertained only if the complaint alleges some other nonfrivolous independent basis for district court jurisdiction *over them.*" *Id.* at 376 (emphasis added). While it may follow a narrow interpretation, our Court of Appeals has not foreclosed the use of pendent party jurisdiction.

his position that this court lacks subject matter jurisdiction. The *Combs* case, however, did not discuss the concept of pendent party jurisdiction. The court found no claim under the LMRA or ERISA had been stated against defendants when the record did not suggest that the corporate veil should be pierced. The court dismissed pendent state law claims against defendants only when no viable federal claims remained. *Id.* at 575. Thus, *Combs* stands for the proposition that the status of "officer" of a defendant employer does not alone confer liability under the LMRA on an individual defendant. *See Amalgamated Cotton Garment & Allied Industries Fund v. J.B.C. Co.,* 608 F.Supp. 158 (W.D. Pa.1984). This does not mean that individuals are immune from liability, however, because individual liability may be imposed under the LMRA if the individual defendants were acting as alter egos of the defendant employer. *Id.* at 166. Although a close case, the court finds that there is no Congressional negation of pendent party jurisdiction in the LMRA. *See New York Coat, Suit, Dress, Rainwear and Allied Workers' Union v. Sussex Sportswear, Inc.,* 591 F.Supp. 1528 (M.D.Pa.1984); *cf. Chas. Kurz Co. v. Lombardi,* 595 F.Supp. 373 (E.D.Pa.1984).

■ Finally, considerations of judicial economy, convenience and fairness to the litigants compels the discretionary exercise of pendent party jurisdiction in this case. The federal and state law claims are factually related and it appears that similar findings to impose liability are required for both claims. Therefore, the court finds that under a fair reading of *Aldinger,* it has subject matter jurisdiction over plaintiffs' WPCL claim against defendant.

■ A similar result is reached in connection with plaintiffs' ERISA claims.[6] As with claims pursuant to the LMRA, a court may apply several factors in determining whether to pierce the corporate veil and impose individual liability under ERISA. *See Solomon v. Klein, supra.* In *Solomon,* our Court of Appeals recognized that individual liability may exist under ERISA if the corporate veil is pierced. *See also Amalgamated Cotton Garment & Allied Industries Fund v. J.B.C. Co., supra,* at 167 (individual defendants are not liable under ERISA unless they were acting as alter egos of the defendant employer). Thus, as with the LMRA, ERISA does not immunize an individual officer from liability. Furthermore, it appears that federal courts have exclusive jurisdiction over ERISA suits in which fiduciaries of a benefit trust allege violations of an employer's duty under a collective bargaining agreement to make payments into the benefit trust.[7] *See Livolsi v. Ram Construction Co., Inc.,* 728 F.2d 600 (3d Cir.1984). The fact that this court may have exclusive jurisdiction over at least part of plaintiffs' ERISA claim is another compelling reason militating in favor of exercising pendent party jurisdiction. *Wilkes-Barre Publishing Co. v. Newspaper Guild, etc., supra.*

Defendant asserts two (2) other grounds in support of its Motion to Dismiss. Defendant maintains that the complaint must be dismissed because the court lacks personal jurisdiction over defendant. Defendant avers that "the necessary link or relationship required to confer personal jurisdiction under the due process clause and the Pennsylvania Long Arm Statute is lacking and the complaint must be dismissed." *See* Document 12 of the Record at 9.

■ The reach of the Pennsylvania statute is co-extensive with the due process clause of the United States Constitution. *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61 (3d Cir.1984). Once the jurisdictional defense has been

---

6. The analysis under the first and third step is the same as that already set forth. The only remaining question is whether ERISA negates the exercise of pendent party jurisdiction over the WPCL claim against defendant.

7. Suits pursuant to ERISA to declare the rights of a participant or a beneficiary under a plan or to recover benefits due under a plan are within the concurrent jurisdiction of federal and state courts. *Barrowclough v. Kidder, Peabody & Co., Inc.,* 752 F.2d 923 (3d Cir.1985).

raised, plaintiff bears the burden of demonstrating contracts with the forum state sufficient to give the court *in personam* jurisdiction. *Id.* Plaintiffs contend that they "should have the opportunity to further explore through discovery" the nature of defendant's contacts with this forum. *See* Document 17 of the Record at 5. The court agrees with plaintiffs.

Ordinarily, a court must determine whether plaintiffs seek to obtain general jurisdiction or specific jurisdiction over defendant. The first, general jurisdiction, exists when the claim does not arise out of or is unrelated to the defendant's contacts with the forum. *See Dollar Savings Bank v. First Security Bank of Utah*, 746 F.2d 208 (3d Cir.1984). The second, specific jurisdiction, is invoked when the claim is related to or arises out of the defendant's contacts with the forum. *Id.* The minimum contacts analysis is insufficient when the defendant's forum activities do not give rise to the claim. In invoking general jurisdiction, plaintiffs must demonstrate that defendant maintained "continuous and substantial forum affiliations." *Id. See also Helicopters Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (unless a defendant has "continuous and systematic general business contacts" with the forum state, the cause of action must arise from activities within the forum state). When the plaintiff's claim is not clearly frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging his burden of establishing *in personam* jurisdiction. *Compagnie Des Bauxites DeGuinee v. L'Union Atlantique, S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir.1983). The scope of this discovery must be broad enough to allow plaintiff to pursue both the "minimum contacts" and "continuous and systematic contacts" theories until one or the other is ruled out. *Id.* at 363. Accordingly, defendant's motion will be denied so that plaintiffs may commence discovery in an attempt to establish personal jurisdiction over defendant.

Finally, defendant contends that the complaint must be dismissed because it fails to state a claim on which relief can be granted. "Generally, a complaint need not detail facts sufficient to state a cause of action; rather it must contain only a 'short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment.'" *Ruppert v. Lehigh County*, 496 F.Supp. 954, 956 (E.D.Pa. 1980). In ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true all of the well-pleaded allegations of the complaint and the complaint must be construed in a light most favorable to plaintiff. *See Banghart v. Sun Oil Co.*, 542 F.Supp. 451 (E.D.Pa.1982). Plaintiff's claim should not be dismissed unless it appears beyond doubt that it can prove no set of facts in support of its claims which would entitle plaintiff to relief. *Id.* In light of this standard, defendant's Motion to Dismiss will be denied.

Plaintiffs contend that defendant is individually liable pursuant to the WPCL. Plaintiffs seek to impose this liability, in part, because defendant was an agent or officer of United Foundries within the meaning of the WPCL. Document 1 of the Record at ¶ 30. *See also New York Coat, Suit, Dress, Rainwear and Allied Workers' Union v. Sussex Sportswear, Inc., supra*, at 1533 n. 5 (complaint alleged defendant was an officer of corporation; sufficient to make defendant an employer under Pennsylvania law). While defendant maintains that he "never had responsibilities as either an officer or an agent with respect to any such obligations" concerning union pension obligations, *see* Document 7 at ¶ 8, it may be that further discovery will reveal enough facts favorable to plaintiff to sustain plaintiff's WPCL claim against defendant. *See Musikiwamba v. Essi, Inc.*, 760 F.2d 740 (7th Cir.1985). Thus, the Motion to Dismiss will be denied.

Defendant relies on the Affidavit of Nathan A. Greenberg in support of its alternative request for summary judgment. Considering the present record, the court

cannot find that there are no material facts in dispute and that defendant is entitled to judgment as a matter of law. Summary judgment is a "drastic remedy", *see Reilly v. Firestone Tire & Rubber Co.*, 764 F.2d 167 (3d Cir.1985) and can only be entered "if appropriate." *See* Fed.R.Civ.P. 56(e). The court may not resolve conflicting factual contentions on a Motion for Summary Judgment. *Paton v. LaPrade*, 524 F.2d 862 (3d Cir.1975). In this case, certain material facts are at issue. Of course, should it later be determined that the proper factual predicate for maintaining a WPCL claim against defendant does not exist, defendant may renew his Motion for Summary Judgment or, as the case may be, may move for a directed verdict. Thus, defendant's Motion for Summary Judgment will be denied.[8]

---

8. The court's disposition of defendant's motion renders extended discussion on plaintiffs' contention that pending bankruptcy proceedings involving United Foundries requires that this action be "stayed" unnecessary.