Jalee HYNSON, et al.

v.

CITY OF CHESTER, et al.

Civ. A. No. 86–2913.

United States District Court,
E.D. Pennsylvania.

April 19, 1988.

Arthur Terry Daly, Arthur Daly Associates, Philadelphia, Pa., for plaintiffs.

Nathaniel C. Nichols, Chester, Pa., for Domestic Abuse Project of Del. Co.

Robert G. Hanna, Jr., Philadelphia, Pa., for Dept. of Corrections.

Joseph Goldberg, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for City of Chester, Chester Police Dept.

Henry P. Stonelake, Dougherty & Stonelake, Philadelphia, Pa., for Scott Paper Co., General Fibers Industries, Scotfoam Corp.

Dennis J. O'Leary, White & Williams, Philadelphia, Pa., for Delaware County Domestic Abuse Project, Inc., Dolly L. Wideman.

Lowell A. Reed, Jr., Peter J. Wever, Rawle & Henderson, Philadelphia, Pa., for Allied Sec., Inc. and Brock Intern. Sec. Corp.

Clifford A. Goldstein, Philadelphia, Pa., for Brock Intern. Sec. Corp.

Dean F. Murtagh, German Gallagher & Murtagh, Philadelphia, Pa., for Delaware County Legal Assistance Ass'n, Inc., Suzanne Noble.

Joseph P. Cronin, Jr., Woodlyn, Pa., for Eddystone Borough.

### MEMORANDUM AND ORDER

KATZ, District Judge.

Before the court are the motions for summary judgment of defendants Domestic Abuse Project of Delaware County, Inc. and Dolly Wideman, of defendants Brock International Security Corp. and Allied Security, Inc., of defendants Scotfoam, Inc. and General Felt Industries and of defendants Delaware Valley Legal Assistance Association, Inc. and Suzanne Noble. Plaintiffs have responded to all the motions.[1] I heard the motions at the final pretrial conference. For the reasons below, defendants' motions are granted because there is no subject matter jurisdiction over these nondiverse private parties against whom no federal claims are asserted.

FACTS

Only a brief recitation of the pertinent and undisputed facts is necessary here. Plaintiffs' complaint alleges that on October 15, 1984 Alesia Hynson[2] was killed by her former boyfriend, Jamil Gandy. Plaintiffs' Second Amended Complaint, ¶ 82. (hereinafter "Plaintiffs' Complaint") At the time of her death Ms. Hynson was working as a security guard for defendants Brock International Security Corp. ("Brock") and Allied Security, Inc. ("Allied"). While stationed at the production plant of defendant Scotfoam, Inc. ("Scotfoam") in Eddystone, Pennsylvania, Ms. Hynson was shot by Jamil Gandy.

Her murder by Mr. Gandy was the end of a brutal, abusive relationship. For at least one year prior to her death Ms. Hynson had sought protection from Jamil Gandy and from his verbal threats and physical assaults. Defendant Dolly Wideman and her employer, defendant Domestic Abuse Project of Delaware County, Inc. ("Domestic Abuse Project"), had, shortly prior to Ms. Hynson's death, been attempting to assist her in her attempt to protect herself.

On October 11, 1984, approximately four days before her death, Ms. Hynson and her counsel, defendant Suzanne Noble, an at-

---

1. In addition, defendants Domestic Abuse Project of Delaware County, Inc. and Dolly Wideman have filed a reply to plaintiffs' response, as have defendants Brock International Security Corp. and Allied Security, Inc. Defendant Scotfoam, Inc. has also filed a response to defendants' Brock International Security Corp. and Allied Security, Inc.'s motion for summary judgment.

2. Plaintiffs in this action are Alesia Hynson's two children, Jalee and Charzell, and Alesia Hynson's mother, Jeffrie.

torney with defendant Delaware County Legal Assistance Association ("Delaware Legal Assistance"), appeared before the Honorable Robert A. Wright of the Delaware County Court of Common Pleas seeking a permanent protection from abuse order.[3] Ms. Noble presented to the court what in essence would be the terms of such an order.[4] Mr. Gandy was present at this hearing, unrepresented by counsel, and agreed to the terms of the order. Ms. Noble then informed the court that she would, in the near future, present a written form of order to the court for Judge Wright's signature. On October 16, 1984, Ms. Noble delivered a written order to Judge Wright incorporating the terms agreed to on October 11th in open court by Alesia Hynson and Jamil Gandy. That order was signed by Judge Wright on that same day, one day after Alesia Hynson's death.

Plaintiffs' complaint alleges that Jamil Gandy, during the early morning hours of October 14, 1984, threatened Alesia Hynson with a gun and burglarized her house. The Chester Police responded but took no action against Mr. Gandy. The next day, on October 15, 1984, Jamil Gandy killed Alesia Hynson. As a result of these events plaintiffs raise a variety of claims against numerous defendants.[5]

In Count Thirteen (13) of their complaint, plaintiffs assert a common law claim for negligence against defendant Dolly Wideman and Domestic Abuse Project. Plaintiffs' Complaint at ¶¶ 227–234. In addition, Count Sixteen (16) of plaintiffs' complaint asserts a claim against Dolly Wideman and Domestic Abuse Project for punitive dam-

ages. Plaintiffs' Complaint at ¶¶ 244–250. These are the only outstanding claims against these defendants.[6] Similarly, plaintiffs' complaint contains, in Count Ten (10), only a common law negligence claim against Brock and Allied, and in Count Sixteen (16) a claim for punitive damages pursuant to Pennsylvania law. Plaintiffs' Complaint at ¶¶ 220–208, 244–250. Again, no federal claims are pending against these defendants. Likewise, plaintiffs' complaint alleges in Count Nine (9) a common law negligence claim against defendants Scotfoam and General Felt Industries, and in Count Sixteen (16) a punitive damages claim. This is also the case with respect to plaintiffs' claims against Suzanne Noble and Delaware Legal Assistance. Plaintiffs have, in Counts Fourteen (14) and Fifteen (15) of their complaint asserted that these defendants are liable for common law breach of warranty and negligence, and in Count Sixteen (16) for punitive damages, but plaintiffs have likewise asserted no federal claims against either Suzanne Noble or Delaware Legal Assistance. Plaintiffs' Complaint at ¶¶ 235–239, 240–243, 244–250. Plaintiffs have federal claims under section 1983 against other defendants, as a result of the events that occurred in the interim between October 11, 1984 and October 16, 1984, but there are no federal claims asserted against these moving defendants.

DISCUSSION

Defendants contend in their motions that summary judgment should properly be entered on their behalf because plaintiffs have put forth only state-law claims against them. As plaintiffs' only federal claims are section 1983 causes of action

3. Ms. Hynson had in the past sought and obtained both temporary and permanent (one year) protection from abuse orders against Jamil Gandy.

4. The parties are in disagreement as to whether what transpired in Judge Wright's courtroom on October 11, 1984 resulted in the actual issuance of a protection from abuse order. I have treated that agreement as an order merely for the purpose of clarifying plaintiffs' position. Whether or not an order actually issued on that date is immaterial to the disposition of this motion.

5. Based upon the unopposed motions for summary judgment of defendant Borough of Eddystone (where the Scotfoam plant was located) and defendant South Media Citizen's Club (where Jamil Gandy was allegedly drinking on the night that he killed Alesia Hynson) summary judgment has previously been entered on behalf of those defendants.

6. By stipulation dated January 17, 1988, plaintiffs have withdrawn Count Twelve (12) of their complaint which asserted a federal claim under section 1983 against defendants Dolly Wideman and Domestic Abuse Project.

which are asserted against other parties, defendants argue that the decision of the Supreme Court in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) leaves this court without subject matter jurisdiction to adjudicate plaintiffs' claims against them.[7] Plaintiffs, on the other hand, contend that this court has complete discretion to decide whether or not to retain jurisdiction over plaintiffs' claims against these defendants. Contrary to plaintiffs' assertions, this court does not possess unfettered discretion and must be guided by the Supreme Court's decision in *Aldinger*.

It has long been settled that federal courts are courts of limited jurisdiction. Federal district courts may only exercise subject matter jurisdiction when a case is within the judicial power of the United States, as defined by the Constitution, and when Congress has exercised its authority in a jurisdictional grant. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 372, 98 S.Ct. 2396, 2401, 57 L.Ed.2d 274 (1978). The Supreme Court, however, has established that when a federal court has subject matter jurisdiction over a federal claim it may also exercise jurisdiction over a related state claim over which the court has no independent basis of subject matter jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1965). This discretionary exercise of "pendent jurisdiction" is grounded in notions of judicial economy, convenience and fairness to litigants, and requires only that the state and federal claims derive from a common nucleus of operative fact, such that the claims would ordinarily be expected to be tried in one proceeding. *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. "Pendent party jurisdiction" is "an extension of jurisdiction to the joinder of additional parties—as distinct from

additional claims—with respect to whom there is no independent basis of federal jurisdiction." *Sansom Committee by Cook v. Lynn*, 735 F.2d 1535, 1551 n. 6 (3d Cir.1984), *cert. denied*, 469 U.S. 1017, 105 S.Ct. 431, 83 L.Ed.2d 358 (1984); *see generally* Currie, *Pendent Parties*, 45 U.Chi.L. Rev. 753 (1978). Whether or not this court may exercise pendent party jurisdiction over these defendants is the issue raised by the instant motions.

The Supreme Court addressed the issue of pendent party jurisdiction in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed. 2d 276 (1976). In *Aldinger* a civil rights claim under section 1983 against Spokane County officials was joined with a state law claim against the county itself. There was at that time no independent basis of jurisdiction over the county as municipal entities were not then considered "persons" for section 1983 purposes.[8] The Court therefore, found that there was no federal court jurisdiction over Spokane County and affirmed the decision of the Court of Appeals for the Ninth Circuit, dismissing the county as a defendant.

■ In addressing the question of the availability of pendent party jurisdiction in federal courts, the *Aldinger* court noted that there is a distinct difference between the exercise of pendent jurisdiction of claims and pendent party jurisdiction. Indeed, "it is one thing to authorize two parties, already present in federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state-law claim over which there is no independent basis of federal jurisdiction. But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join

---

7. Plaintiffs' have acknowledged that there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 over any of these defendants. *See* Plaintiffs' Complaint at ¶¶ 1–15.

8. Since the decision in *Aldinger* the Supreme Court has held that a municipal corporation may be considered to be a "person" under 42 U.S.C. § 1983 and thus is suable under that statute. *Monell v. New York City Dept. of Social*

*Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Owen Equipment, supra*, the Supreme Court stated that "*Monell* in no way qualifies the holding of *Aldinger* that the jurisdictional questions ... are statutory as well as constitutional." *Owen Equipment*, 437 U.S. at 372 n. 12, 98 S.Ct. at 2402 n. 12; *see generally* 1 C. Wright, *The Law of Federal Courts* 108 (1983).

an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant 'derive from a common nucleus of operative fact.'" *Aldinger,* 427 U.S. at 14, 96 S.Ct. at 2420 (quoting *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138). In order to decide the propriety of the exercise of pendent party jurisdiction the *Aldinger* court employed a three-step analysis. The "three-step" or "three-tiered" analysis enunciated in *Aldinger* has never been changed by the Supreme Court and is the approach to pendent party jurisdiction which binds this court. *International Molders v. United Foundries,* 644 F.Supp. 499, 503 (M.D.Pa.1986). In determining whether pendent party jurisdiction is an appropriate exercise of federal judicial power, the court must first consider whether there is constitutional power to entertain the state law claim; secondly, whether the Congressional statute conferring jurisdiction over the federal claim expressly or by implication negates the exercise of jurisdiction over the particular non-federal claim; and finally if considerations of judicial economy, convenience and fairness to the litigants compels a discretionary exercise of jurisdiction. *International Molders,* 644 F.Supp. at 504; *Hatcher v. Emergency Medical Specialty Services, Inc.,* 643 F.Supp. 1124, 1126 (D.N.J.1986); *Grodjeski v. Township of Plainsboro,* 577 F.Supp. 67, 69 (D.N.J.1983). In applying these principles, the *Aldinger* court found that "[r]esolution of a claim of pendent party jurisdiction ... calls for careful attention to the relevant statutory language." *Aldinger,* 427 U.S. at 17, 96 S.Ct. at 2421. Indeed, "[b]efore it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence." *Aldinger,* 427 U.S. at 18, 96 S.Ct. at 2422. The court may not exercise its discretion until it has first determined that both the Constitution and the Congress permit the use of pendent party jurisdiction in that instance.

Employing this approach in the case before it, the Supreme Court in *Aldinger* then rejected the application of pendent party jurisdiction when it is asserted against a municipal corporation in an action brought pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. *Aldinger,* 427 U.S. at 18, 96 S.Ct. at 2422. The Court found that "a fair reading of the language used in § 1343, together with the scope of § 1983, required a holding that the joinder of a municipal corporation, like the county here, for purposes of asserting a state-law claim not within federal diversity jurisdiction, is without the statutory jurisdiction of the district court." *Aldinger,* 427 U.S. at 17, 96 S.Ct. at 2421.

Later courts have defined the parameters of *Aldinger's* holding. At first, the *Aldinger* Court writes that "[t]his case presents the 'subtle and complex question with far-reaching implications', ... whether the doctrine of pendent jurisdiction extends to confer jurisdiction over a party as to whom no basis of federal jurisdiction exists." *Aldinger,* 427 U.S. at 2–3, 96 S.Ct. at 2415. Later in the opinion the Court retreats from any far-reaching pronouncement about the availability of pendent party jurisdiction, stating that "we think it quite unnecessary to formulate any general all-encompassing jurisdictional rule." *Aldinger,* 427 U.S. at 13, 96 S.Ct. at 2419. While at least one circuit court has interpreted *Aldinger* as barring pendent party jurisdiction in all cases, *see Blake v. Pallan,* 554 F.2d 947 (9th Cir.1977), other courts have not taken so drastic an approach.

In *Glus v. G.C. Murphy Co.,* 562 F.2d 880 (3d Cir.1977), the Court of Appeals noted that the Supreme Court's opinion in *Aldinger* cast "grave doubts" as to whether the doctrine of ancillary jurisdiction could be extended to situations in which there was no independent basis for subject matter jurisdiction over a party. *Glus,* 562 F.2d at 886–87. The court then went on to say that it recognized that *Aldinger* involved pendent jurisdiction and "could be construed as being limited to 42 U.S.C. § 1983, 28 U.S.C. § 1343(3) contexts."

*Glus,* 562 F.2d at 887. *See also Cheltenham Supply Corp. v. Consolidated Rail Corp.,* 541 F.Supp. 1103, 1106–07 (E.D.Pa. 1982) (citing cases). Indeed, the Court of Appeals has applied a narrow interpretation of pendent party jurisdiction. *Sansom Committee by Cook,* 735 F.2d at 1551 (Garth, J. dissenting); *International Molders* 644 F.Supp. at 503–04.[9]

Other courts have directly addressed the issue of the unavailability of pendent party jurisdiction in section 1983 suits. *See Moore v. The Marketplace Restaurant,* 754 F.2d 1336 (7th Cir.1985); *Federal Deposit Insurance Corp. v. Otero,* 598 F.2d 627 (1st Cir.1979); *Finch v. Mississippi State Medical Association,* 585 F.2d 765 (5th Cir.1978); *Grimes v. Chrysler Motors Corp.,* 565 F.2d 841 (2d Cir.1977). These courts have held that in section 1983 cases, the Supreme Court's holding in *Aldinger* makes the exercise of pendent party jurisdiction inappropriate. *Moore,* 754 F.2d at 1353; *Federal Deposit Ins. Corp.,* 598 F.2d at 631; *Finch,* 585 F.2d at 780; *Grimes,* 565 F.2d 844. *But see Moore,* 754 F.2d at 1359–61 (Posner, J. concurring) (In his concurrence Judge Posner concludes that *Aldinger's* reasoning applies only to plaintiffs who seek to employ pendent party jurisdiction in the context of section 1983 suits so as to be able to sue municipalities, not suable under section 1983 at the time of the *Aldinger* decision. Judge Posner reasons that behind *Aldinger* lies a particular policy of immunizing municipal entities from liability; a policy not applicable to private parties. Judge Posner concludes, therefore, that *Aldinger* is not applicable to an attempt by a plaintiff to sue a private individual as a pendent party in conjunction with a section 1983 suit).

Lower courts have also confronted the issue of the availability of pendent party jurisdiction in section 1983 suits. In *Grodjeski* the court stated that "[j]ust as pendent party jurisdiction was not extended to an entity other than a 'party' in *Aldinger,* Congress has limited the scope of § 1983 actions taken under color of state law. Thus, it would appear that Congress did not intend that parties not acting under color of state law be sued in federal court for their private actions." *Grodjeski,* 577 F.Supp. at 71. Indeed, the most recent case in this district has held similarly. *See Gorni v. Township of Springfield,* No. 84-3365, slip op. (E.D.Pa. May 16, 1986) (Scirica, J.) [available on WESTLAW, 1986 WL 5723] (available on Lexis). In addition, numerous district courts in both this district and others have, in the years since *Aldinger,* held pendent party jurisdiction over private individuals to be unavailable in section 1983 suits. *See, e.g., Stephenson v. Esquivel,* 614 F.Supp. 986, 994 (D.N.M. 1985); *Sturts v. City of Philadelphia,* 529 F.Supp. 434, 439 (E.D.Pa. 1982); *Watkins v. Roche,* 529 F.Supp. 327, 332–33 (S.D.Ga. 1981); *Morse Electro Products Corp v. S.S. Great Peace,* 437 F.Supp. 474, 485 (D.N.J.1977); *Hupart v. Board of Higher Education of the City of New York,* 420 F.Supp. 1087, 1104 (S.D.N.Y.1976). *But see Montgomery v. City of Chicago,* 670 F.Supp. 230, 232–34 (N.D.Ill.1987).

▪ This case presents a factual situation identical to that faced by these courts. Here, as in the cases cited immediately above, plaintiffs with section 1983 claims against various state actors, seek to have the court exercise jurisdiction over plaintiffs' purely state-law claims against different parties who are merely private individuals or entities. I will follow the clearly established trend of case law in this circuit and in others. "[U]nder § 1983, Congress intended the federal courts to exercise jurisdiction only when the defendants have acted under color of law.... The inference is clear: Congress intended to negate the exercise of jurisdiction over all parties who have not acted under color of law." *Stephenson,* 614 F.Supp. at 994.[10]

---

**9.** Plaintiffs' reliance on *Sparks v. Hershey,* 661 F.2d 30 (3d. Cir.1981) is misplaced. *Sparks* did not address the issue of pendent party jurisdiction, but rather dealt only with the discretionary exercise of pendent jurisdiction of claims.

**10.** In addition, I note that plaintiffs have likewise failed to meet the first tier of the "three-tiered" *Aldinger* analysis. Not only must Congress permit the court to exercise jurisdiction, the state and federal claims must all arise out of a common nucleus of operative fact. *Interna-*

The Supreme Court's ruling requires that the court construe this jurisdictional statute strictly. *Owen*, 437 U.S. at 376, 98 S.Ct. at 2404; *Grodjeski*, 577 F.Supp. at 72. This court is without subject matter jurisdiction to ajudicate plaintiffs' state-law claims against these defendants.[11] Accordingly, summary judgment will be entered on behalf of moving defendants Dolly Wideman, Domestic Abuse Project, Brock, Allied, Scotfoam, Inc., General Felt Industries, Inc., Suzanne Noble and Delaware Legal Assistance.[12] An appropriate Order follows.

## ORDER

AND NOW, this 19th day of April, 1988, for the reasons set forth in my Memorandum, filed this date, it is hereby ORDERED that plaintiffs' complaint against Dolly Wideman, Delaware County Abuse Project, Inc., Brock International Security Corp., Allied Security, Inc., Scotfoam, Inc., General Felt Industries, Inc., Suzanne Noble and Delaware County Legal Assistance Association, Inc. is DISMISSED, as are all cross-claims against these defendants.

*tional Molders,* 644 F.Supp. at 504. Such is not the situation here.

11. Because of my resolution of the jurisdictional question, I need not and do not reach these defendants' additional contentions that they are entitled to summary judgment on other grounds.

12. Because the plaintiffs' claims against these defendants have been dismissed on jurisdictional grounds all cross-claims against them must also be dismissed for lack of jurisdiction. *Fairview Park Excavating Co., Inc. v. Al Monzo Construction Co., Inc.,* 560 F.2d 1122, 1124–5 (3d Cir.1977).