**John DeFERRO**

v.

**Ben COCO, Dennis L. O'Connell, David I. Grunfeld, James J. DeMarco, Judge Edward F. Bradley, Judge Niccholas A. Cipriani, and Lucille DeFerro.**

**Civ. A. No. 89–0787.**

United States District Court, E.D. Pennsylvania.

June 22, 1989.

**140**

John DeFerro, Voorhees, N.J., pro se.

James J. DeMarco, Philadelphia, Pa., for James J. DeMarco and Lucile DeFerro.

Steven R. Waxman, Philadelphia, Pa., for David I. Grunfeld.

Howard W. Abramson, Philadelphia, Pa., for Judge Edward F. Bradley, Judge Nicholas A. Cipriani, Ben Coco and Dennis O'Connell.

## MEMORANDUM

KATZ, District Judge.

Recently I dismissed the complaint against several of the defendants for failure to state a claim with the requisite particularity. *DeFerro v. Coco*, 709 F.Supp. 643 (E.D.Pa.1989). The case is now again before me on defendant David I. Grunfeld's renewed motion to dismiss, submitted in response to plaintiff's recently filed amended complaint. For the reasons that follow I will again dismiss the complaint against Grunfeld.

In an effort to correct the deficiencies of his original complaint, plaintiff has added some new matter to the amended complaint. As to Grunfeld, the new allegations can be summarized as follows:

1. By not telling plaintiff that Mrs. DeFerro's complaint in the divorce action was not a valid complaint under Pennsylvania law, Grunfeld failed to give plaintiff competent legal advice at their first meeting. Amended Complaint, ¶ 10.

2. Grunfeld conspired with Mrs. DeFerro's attorney, DeMarco, to prevent plaintiff from bringing an action in federal court, by filing a "frivolous alimony action" in state court. The purpose of the alimony action was "to con the plaintiff into a false sense of security." Grunfeld is also alleged to have attempted, again incompetently and maliciously, "to con the plaintiff into signing a consent form" for purposes of the divorce action. *Id.*, ¶ 17.

3. Grunfeld conspired with DeMarco and Mrs. DeFerro to withhold from plaintiff the fact that Mrs. DeFerro "had in fact cashed and used joint savings bonds to her advantage and plaintiff's disadvantage." *Id.*, ¶ 50.

4. The amended complaint re-alleges in a conclusory fashion that Grunfeld acted in concert with Coco, the state court clerk. The newly pleaded specific basis of this charge is that when Coco refused to accept plaintiff's documents for filing and asserted as the reason that plaintiff was represented by counsel, he already knew, as a result of a previous telephone conversation with Grunfeld, that "Grunfeld had been fired" by plaintiff. Coco allegedly rejected plaintiff's documents "by mis-interpreting plaintiff's letter as a request to assist him in preparing a motion and he also stated that I had counsel and could not make such a request of the court on my own and that counsel would do this for me." *Id.*, ¶ 28. *See id.*, ¶ 38. Coco allegedly turned the papers plaintiff sought to file over to Mr. O'Connell, a law clerk, to seek assistance from the law clerk and Judge Cipriani. *Id.*, ¶ 36.

The plaintiff has not cured the defect of the original complaint by identifying the particular conduct of the defendant that is alleged to have harmed him, as required by *Colburn v. Upper Darby Twp.*, 838 F.2d 663 (3d Cir.1988). Most of the new allegations made in the amended complaint, *i.e.*, those contained in ¶¶ 1–3, *supra*, concern acts pertinent only to a legal malpractice or other state law claim. The only new allegation relevant to the question of whether Grunfeld conspired to violate plaintiff's civil rights is that Grunfeld told the court clerk that he, Grunfeld, was no longer representing plaintiff in the divorce action. ¶ 4, *supra*. This allegation does not rise to the level of particularizing a charge of conspiracy involving state actors. According-

ly, the § 1983 claims against Grunfeld must again be dismissed.

Having dismissed plaintiff's § 1983 claim against Grunfeld, and since there is no other basis alleged in the complaint for asserting federal jurisdiction over Grunfeld in this matter,[1] I have no discretion to hear plaintiff's pendent state claims against Grunfeld. *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Hynson v. City of Chester*, 684 F.Supp. 1294 (E.D.Pa.1988). In any case, the state law claims also fail for lack of specificity. Accordingly, the state claims against Grunfeld must also be dismissed. Plaintiff may transfer the matter to state court in accordance with 42 Pa. Const.Stat.Ann. § 5103(b) (Purdon 1987 Supp.).

An appropriate order follows.

### ORDER

AND NOW, this 22nd day of June, 1989, upon consideration of the Renewed Motion to Dismiss of Defendant, David I. Grunfeld, and plaintiff's response thereto, entitled "Request/Motion to Re–Open Motion to compel Discovery & for assistance of Counsel," it is hereby ORDERED as follows:

1. The motion to dismiss is GRANTED. The complaint against David I. Grunfeld is dismissed for the reasons stated in the accompanying memorandum.

2. The motion to compel discovery is DENIED.

3. The motion for appointment of counsel is DENIED.

---

**1.** Even if there is diversity of citizenship (as opposed to residency) between the parties, the court lacks subject matter jurisdiction over the state law claims for want of the requisite amount in controversy. Aside from claiming damages of $2,442, the amended complaint merely alleges unspecified "damages." Plaintiff's response to the motion also seeks return of a $1,000 fee with interest.